IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOE RYAN VELA, TDCJ # 02269033 | § § § § | |
| v. | § | W-19-CV-313-ADA |
| | § § | |
| BELL COUNTY LAW ENFORCEMENT CENTER, KELVIN MILLER, and TERRANCE GARDNER. | § § § § | |

## ORDER

Before the Court are Plaintiff Joe Ryan Vela's complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1, 9), Defendant Bell County Law Enforcement Center's Motion to Dismiss (ECF No. 21), and Defendants Kelvin Miller and Terrance Gardner's Motion for Summary Judgment (ECF No. 25, 27-28). Plaintiff is proceeding pro se and *in forma pauperis*. Upon careful consideration, the Court grants Defendants' motions and dismisses Plaintiff's claims with prejudice.

## I. Background

Plaintiff is currently incarcerated in the Goodman Unit at the Texas Department of Criminal Justice—Correctional Institutions Division.[1] Plaintiff's complaint, however, relates to events that occurred at the Bell County Law Enforcement Center (Bell County).

---

[1] Plaintiff's last change-of-address notice sent to the Court stated he had moved to the Goodman Unit. (ECF No. 23.) The Court notes that the TDCJ Offender Search currently lists Plaintiff as incarcerated in the Goree Unit.

1

Plaintiff alleges that after breakfast on February 14, 2019, he was asleep in his cell when a prison guard opened Plaintiff's cell door and six inmates came into his cell and physically assaulted him. Plaintiff alleges that, after the assault, his head and face were "knotted up" and his hand was broken and—according to a doctor—would have to be "rebroken." Plaintiff further alleges that Defendant Miller was the guard on duty at the time of the assault, but that he refused to give Plaintiff medical treatment because Plaintiff was being released, and that Defendant Miller also refused to take disciplinary action against the inmates who assaulted Plaintiff. Plaintiff states that, rather than receive medical treatment, he was instructed to wash the blood off his person, and then was placed in a holding cell for six hours before being released to the custody of McLennan County. Plaintiff claims that his hand is broken, his fingers are fractured, he has still not received any medical attention, he has severe headaches and "strains" in his neck, and cannot sleep for fear that someone is going to hurt him. Plaintiff names Bell County,[2] Kelvin Miller, and Terrance Gardner as defendants, and seeks "to file a lawsuit . . . for pain, suffering." (ECF No. 1, 9.)

Bell County moved to dismiss the complaint, arguing that Plaintiff had failed to allege any official policy or custom that was the "moving force" behind his alleged constitutional violations. (ECF No. 21.) Plaintiff has not filed a response to Bell County's motion. Defendants Miller and Gardner also moved to dismiss the complaint, which the Court converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b),

---

[2] Plaintiff named the Bell County Law Enforcement Center in his complaint, which the Court construed as a claim against Bell County. (ECF No. 14.)

56(e). (ECF Nos. 25, 27.) In their summary judgment motion, Defendants Miller and Gardner argue that there are no genuine disputes of material fact as neither Defendant was personally involved with Plaintiff's alleged physical assault. In support of their motion, Defendants submit two personal affidavits.

Defendants Miller attests that, beginning in January 2019, he switched from working in the inmate cell blocks to working intake during night shifts. At intake, Miller was at the front of the jail and separated from the inmate cell blocks by three secured doors. His duties at intake included taking pictures and getting fingerprints from new inmates, and getting the new inmates housed. Miller attested that his duties generally kept him outside of the cell blocks, and that he did not have the ability or discretion to open cell doors. Further, he would not have assisted to break up any fights, as the jail staff working in those areas would have intervened before he could, and that if an inmate requested medical attention, Miller would have contacted his supervisor for direction. (ECF No. 28-1 at 2.)

Defendant Gardner attested that he was not on-duty at the time Plaintiff alleges the physical assault happened, and thus could not have been the jailer that opened up Plaintiff's cell door. Gardner attached to his affidavit his time sheet from that period which shows that he left work at 7:13 a.m. on the morning of February 12, 2019, and returned to work at 10:30 p.m. on the evening of February 14, 2019. Plaintiff did not respond to Defendants' motion for summary judgment.

## **II. Analysis**

*1. Defendant Bell County's Motion to Dismiss*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (court should dismiss complaint if it fails to state a claim upon which relief can be granted), the plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.

In deciding a motion to dismiss under Rule 12(b)(6), a court will accepts all well-pleaded facts in the complaint as true and views them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id.*; *Twombly*, 550 U.S. at 555 (factual allegations must be enough to raise a right to relief above the speculative level) (citation omitted). Determining a complaint's plausibility is a "context-specific task," but if the factual allegations "do not permit the court to infer more than the mere possibility of misconduct" the complaint has failed to meet the pleading standard under Rule 8(a)(2). *Iqbal*, 566 U.S. at 678.

4

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (section 1983 not itself a source of substantive rights but merely provides a method for vindicating federal and constitutional rights). In order to state a claim under § 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). A municipality may be liable under § 1983 for the violation of constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To state a claim for municipal liability under § 1983, a plaintiff must allege "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Robinson v. Hunt Cnty.*, 921 F.3d 440, 447 (5th Cir. 2019) (citation omitted).

In the instant case, Plaintiff alleges that Defendant Gardner opened up his cell door, allowing six other inmates to come in and physically assault him. He also states that Defendant Miller did not help break up the fight, did not discipline the other inmates, and did not provide him necessary medical attention. He makes no allegations whatsoever that the moving force behind this series of events was a policy or custom of Bell County. Accordingly, the Court concludes that Plaintiff has not alleged sufficient facts to support a claim for municipal liability under § 1983. Defendant Bell County's motion to dismiss is granted.

*2. Defendant Miller and Gardner's Motion for Summary Judgment*

On a motion for summary judgment, a court will render judgment if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. The moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.

In deciding whether to grant summary judgment, the Court views the evidence in the light most favorable to the non-moving party and indulges all reasonable inferences in their favor. *See James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual

6

dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *See id.* (citing *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In this case, Defendants Miller and Gardner have brought forth competent summary judgment evidence showing they had no personal involvement in Plaintiff's physical assault. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action"). Defendant Miller attested that, starting in January 2019, he was working night shifts at the intake desk at the front of the jail, where he was separated from the inmate cells by three secured doors. He further attested that he did not have the authority to open or close cell doors; that he would not have gotten to a fight before the jailers in the inmate area did; and that, if an inmate told him he needed medical attention, he would have asked for direction from his supervisor. Defendant Gardner attested that he was not working at the jail during the time period when Plaintiff was assaulted, and provided his timesheet in support.

Having provided evidence supporting their summary judgment motion, it is Plaintiff's burden to provide some evidentiary support for his allegations. Plaintiff, however, has not responded to Defendants' motion; as such, the Court determines that it is appropriate to grant summary judgment to Defendants Miller and Gardner. *See Celotex Corp.*, 477 U.S. at 324 (once moving party submits properly supported summary judgment motion, non-moving party must "go beyond the pleadings . . . and designate 'specific facts showing that there is a genuine issue for trial'"); *Boudreaux v. Swift Transp.*

*Co.*, 402 F.3d 536, 544 (5th Cir. 2005) (absence of evidence for non-movant's claim is proper basis for granting summary judgment).

## III. Conclusion

It is therefore **ORDERED** that Defendant Bell County's Motion to Dismiss (ECF No. 21) and Defendants Miller and Gardner's Motion for Summary Judgment (ECF No. 25) are **GRANTED**.

**SIGNED** on February 10, 2020

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE